## THE CENTRAL RAILROAD COMPANY OF NEW JERSEY *vs.* HETFIELD and others.

1. A bill seeking equitable relief must be dismissed when its allegations are denied by the answer, and unsupported by the proofs.

2. The mere filing in the office of the Secretary of State, of the survey of a railroad, is no notice to parties purchasing lands included in the survey. Such filing gives the railroad company neither title nor possession.

This cause was argued on final hearing, upon the pleadings and proofs, before Amzi Dodd, esq., one of the masters of the court.

*Mr. F. T. Frelinghuysen,* for complainants.

*Mr. C. Parker,* for defendants.

THE MASTER.

The bill in this case was filed to restrain the defendants from prosecuting two several actions of trespass in the Union circuit. One of these actions was against the railroad company by Hetfield alone, and the other by him and his co-defendants together. In 1851, Hetfield purchased two lots of land, numbered eight and nine, on the southeasterly side of Third street, in Plainfield. Shortly after his purchase, he conveyed an interest in a certain part of the lots to Coddington and Herbert. The railroad company, having laid its track on the southeasterly side of Third street, being the side between the centre line of the street, and the front of the lots eight and nine, the defendants sued in trespass, for the occupation of the street in front of their lots. Before the two actions were commenced, which the bill seeks to restrain, two similar actions were brought, in 1857, by the same plaintiffs, against the company for similar trespasses committed prior to that time. These were prosecuted to judgment against the company, and the judgments paid. Afterwards, the two actions now pending were instituted, and were noticed for trial, when an injunction was issued according to the prayer of the bill.

The suit is now brought to final hearing, upon bill, answer, and proofs.

The bill alleges that, in 1836, one Jacob A. Wood owned the lots eight and nine, and that the railroad company were then induced by him to lay their track through Third street, in which these lots were situated, instead of through First street, where the company first located, and were about to lay it; that Wood owned lots also in First street, which he

thought would be injured if the railroad should be located there, and accordingly induced the company to change the original location, (although it was straighter and better for them than the one through Third street,) agreeing to give the company a deed for his land, occupied by the street, in consideration of the change; that the company, in pursuance of such agreement, made the change and built their road at that time, on each side of the centre line of Third street, and have ever since kept it there; that Wood received a full consideration for the lands so taken, being part of the southeasterly half of the street in front of the above lots, but that if he ever gave any written grant or conveyance of the land, it has been lost or destroyed; that the company spent large sums of money in building their road; that they laid it through Third street, partly on the southeasterly side of the street, with the knowledge and consent, and by the request of Wood; that the present owners, the plaintiffs in the actions of trespass, derived their title from Wood's grantees, with full knowledge of the company's road being there, and of their right to have it there.

The bill prays that the defendants, the present owners, may be compelled to a specific performance of the agreement made by Wood, and be decreed to execute to the company a grant of the right of way over that part of the street; or that the complainants may be decreed to be entitled to the peaceable enjoyment of the right of way, on making such compensation therefor as may be ascertained to be just, on a reference to a master, or on an issue in the Supreme Court, and that the prosecution of the trespass suits be meanwhile restrained.

The allegations of the bill are not sustained by the proofs. On the contrary, it appears that the company's road was laid in 1836, on the northwesterly side of the centre line of Third street, and not on the premises in question in this suit. When the present owners, the defendants, purchased the lots eight and nine, no track had been laid on their side of the street, and none was laid there till 1853 and 1855. It appears

from the proofs, that Wood also owned a house and lot on the northwesterly side of Third street, nearly opposite to the lots eight and nine, and that in front of this house and lot, and on that side of the street, the track was laid. The present owners had no notice, therefore, of any rights of the company in the other side of the street, arising from the company's possession of it. They deny that they ever knew or heard of the agreement alleged to have been made by Wood, and aver in their answer that when they purchased lots eight and nine from Wood's grantees, they had no knowledge or notice that the company claimed any right to use that side of the street. There is nothing in the proofs to rebut this allegation of the answer. It is true that the survey filed by the company in the office of the Secretary of State, makes the centre line of Third street the centre line of their road. But their road was not built in conformity to the survey, and their possession was only of one side, and not of both. The mere filing of the survey gave the company neither title nor possession, and was no notice to the present owners at their purchase, of the rights now claimed on both sides of the centre line.

If Wood made the agreement in 1836, as set out in the bill, the company did not act upon it till 1853 or 1855, except as to the other lands owned by Wood on the opposite side of the street. As to the premises in question, nearly twenty years elapsed before any actual possession was attempted to be taken. I am unable to discover any ground upon which the present owners can be decreed to execute to the company the conveyance prayed for in the bill.

Neither can I find any facts in the case by which they are equitably estopped from denying the company's right to that side of the street. They do not appear to have acquiesced in, or to have consented to, the building of the track, or to have received any consideration or compensation for the lands taken by the company in building it. So far as appears, the company assumed the right to take that side of the street, and the defendants resisted the assumption, by suing them

in trespass. The suits were brought in a reasonable time, and I am unable to see why the company should not be left to make out their legal title, or why they are entitled to the aid of this court.

No difficulty exists, and none is alleged to exist, preventing the company from acquiring title to the premises in the way provided by their charter. The value of the land and the damages can in this way be ascertained quite as readily and justly as by a reference to a master, or the making up of an issue in the Supreme Court. The propriety of either of the two latter methods may well be doubted.

I would respectfully advise a decree dismissing the bill with costs.